UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| SEDRA J. SIGNATER | NO.: 12-00073-BAJ-SCR-3 |

### RULING AND ORDER

Before the Court is Defendant's **Motion for Reduction of Sentence (Doc. 695)**, filed by Sedra J. Signater ("Defendant"), seeking an order from this Court reducing his sentence. Defendant's motion avers that the Court did not provide for a two-level reduction from his sentence based on his acceptance of responsibility. The United States of America ("Government") opposes the motion. (Doc. 697). Specifically, the Government contends that

> Defendant did receive a reduction for acceptance of responsibility in the calculation of his advisory guideline sentencing range; unfortunately, because his advisory guideline sentencing range far exceeded the five years imprisonment authorized by statute, the impact of such was rendered moot.

(Doc. 697 at p. 2). For the reasons outline below, the Court agrees.

On March 6, 2014, the Government filed a Bill of Information charging Defendant with one count of conspiring to commit health care fraud, in violation of Title 18, United States Code, Section 371. (Doc. 290). That same day, pursuant to a written plea agreement with the Government, Defendant pleaded guilty to the Bill of Information. (Docs. 298, 300).

On June 11, 2014, the United States Probation Office ("Probation") disclosed Defendant's Presentence Investigation Report ("PSR"). (Doc. 364). This report was subsequently revised to remove a four-level enhancement assessed for standing convicted of a federal health care offense involving a government health care program, as the enhancement did not take effect until after Defendant's criminal conduct. *See* United States Sentencing Guideline Section 2B1.1(b)(11)(C)(i). Defendant's Adjusted Offense Level, after application of the specific offense characteristic enhancements and the enhancement for abusing a position of trust, was calculated at thirty-six. *See* PSR ¶¶ 76-84. Defendant's Offense Level was then further adjusted to reflect a three-level reduction for acceptance of responsibility. *See* PSR ¶¶ 85-86. Neither the Government nor Defendant objected to this reduction. However, the Government did file an objection to paragraph eighty-nine of the PSR, seeking a three-level increase in the offense level due to Defendant's role as manager or supervisor (but not an organizer or leader) in the criminal enterprise. Following the Government's objection, Probation filed a Supplemental Addendum to the PSR, which agreed with the Government's objection and the reasons cited. Accordingly, Defendant's total offense level was calculated at thirty-six, yielding a guideline term of imprisonment of sixty months.[1] There were no further objections made.

---

[1] Specifically, the breakdown of Defendant's offense level is as follows:

| | |
|---|---|
| Base Offense Level: | 6 |
| Specific Offense Characteristic (Loss of $138,606,200): | +26 |
| Specific Offense Characteristic (Means of Identification): | +2 |

On the record at sentencing, the Court granted the Government's motion to downwardly depart from Defendant's guideline range, and reduced Defendant's Total Offense Level by seventeen levels, pursuant to United States Sentencing Guideline Section 5K1.1. (Doc. 529). The Court then imposed a term of imprisonment of thirty-six months, which was within the thirty to thirty-seven month guideline range. (*Id.*).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion (Doc. 696) is **DENIED**.

Baton Rouge, Louisiana, this 20th day of April, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

| | |
|---|---|
| Role in the Offense: Position of Trust | +2 |
| Role in the Offense: Manager or Supervisor | +3 |
| Acceptance of Responsibility: | -2 |
| Acceptance of Responsibility: Government's Motion | -1 |

Thus, this yields a Total Offense Level of 36.